IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60513
Summary Calendar
_____


ANDREW E. BLANCHE, JR.; CYNTHIA D. BLANCHE,

                                     Petitioners-Appellants,

versus


COMMISSIONER OF INTERNAL REVENUE,

                                     Respondent-Appellee.

--------------------
Appeal from a Decision of
the United States Tax Court
(5304-96)
--------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Petitioners-Appellants Andrew E. Blanche, Jr. and Cynthia D.

Blanche, husband and wife ("Taxpayers") appeal from the judgment of

the United States Tax Court ("Tax Court")[1] favoring Respondent-

Appellee Commissioner of Internal Revenue ("Commissioner"), who had

disallowed deductions claimed by petitioners on their federal

income tax returns for 1991 and 1992.  The disallowed deductions

were for qualified resident interest under Internal Revenue Code

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [1] Blanche v. Commissioner of Internal Revenue, 2001 WL
256030 (U.S. Tax Ct.), 81 T.C.M. (CCH) 1301.

("IRC") § 163(a) and property taxes under IRC § 164(a) on residential real estate; for casualty loss deductions under IRC § 165(a) arising from the same tract; and for a non-business bad debt deduction under IRC § 166(a) in connection with that property. The Commissioner determined tax deficiencies for those years based on the disallowance of the subject deductions, and Taxpayers petitioned the Tax Court for redress.

The background of this case is set forth in detail in the Tax Court's opinion,[2] based on facts that are largely uncontested, albeit the state law and tax law implications of those facts are vigorously disputed by the parties. Significantly, the tax results of this case are governed by the nature of the Taxpayers' property rights in the subject parcel of Texas residential real estate, and those rights are determined by the laws of Texas.

We have carefully reviewed the factual determinations of the Tax Court for clear error and have reviewed de novo the applicable law as set forth in the opinion of the Tax Court and in the appellate briefs of counsel for the parties. As a result of our review, we are convinced that the determinations, rulings, and conclusions of the Tax Court are correct for the reasons set forth in its extensive and readily intelligible opinion. For us to write further on this case would be both repetitious and a waste of judicial resources. We therefore incorporate by reference the opinion and judgment of the Tax Court which, in all respects, we affirm.

---

[2] Id.

PETITION DENIED.